# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

AMORE LOVE,

                                        1:21-CV-64
                          Petitioner.    (DNH/ATB)

---

AMORE LOVE, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court, what is labeled a "Private Intercession Petition," filed by pro se "petitioner"[1] Amore Love. (Dkt. No. 1).  Petitioner Love has also filed an application to proceed in forma pauperis ("IFP") (Dkt. No. 2).

## I.    IFP Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2).  He also declares that his employer is God, and that he makes $0.00, listing his pay period as "eternity." (Dkt. No. 2 at 1).  Plaintiff also states that he has no income from ***any*** sources, and that he has no money in a checking or savings account. (Dkt. No. 2 at 1-2).  Although it is unclear how petitioner would have been able to put together his petition, with exhibits which total over 500 pages and

---

[1] Mr. Love refers to this case as a "petition."  The court will refer to him as "petitioner," although the court would make the same findings even if Mr. Love had filed a "complaint," making the same allegations. The court notes that one of the documents submitted by petitioner in support of this action is entitled "Motion for Leave to file Bill of Complaint" and appears to be a filing in a separate Supreme Court case initiated by the State of Texas. (Pet.'s Ex. 6) (Dkt. No. 1-1).

bring it to Albany,[2] New York if he had no funds from any source, the court will find for purposes of this Order and Report-Recommendation, that petitioner satisfies the financial criteria for proceeding without the payment of fees.

In addition to determining whether petitioner meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to

---

[2] Petitioner has listed an address in New York City. The court notes that petitioner has listed himself as "c/o" this New York City address. The court's research has discovered that the address is likely not where petitioner lives and is merely a "secure" place for him to receive mail. Therefore, the court is unsure from where the petitioner came to file his papers, but he clearly must go to New York City to get his mail.

determine that a claim is not frivolous before permitting a petitioner to proceed.

*Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000)

(finding that a district court may dismiss a frivolous complaint *sua sponte* even when

petitioner has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*,

550 U.S. at 555). The court will now turn to a consideration of the petition under the

above standards.

## II.   <u>Petition</u>

Although at first, difficult to decipher, the petitioner's claims become clearer if

the court literally reads "between the lines." It is well-settled that pro se pleadings are

read to raise the strongest arguments that they suggest. *McLeod v. Jewish Guild for the

Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489,

491 (2d Cir. 2007)). In this case, the petition is 195 pages long, and the exhibits are

320 pages long. The petitioner's statements are well hidden between pages of religious

quotations. In fact, petitioner does not make any specific allegations until page 176 of

the petition. Petitioner has listed "breach of contract" as one of his claims, although the

petition is replete with references to the United States Constitution, and he lists diversity as his basis for jurisdiction. (Civil Cover Sheet) (Dkt. No. 1-3).

In essence,[3] the petitioner is attempting to challenge the November 3, 2020 presidential election and asks that this court issue a temporary restraining order ("TRO") preventing the January 21, 2020 inauguration of President Joseph R. Biden and Vice-President Kamala Harris.[4] (Petition ("Pet.") at 193).  Petitioner also asks that this court issue a preliminary injunction, repealing or voiding the January 7, 2021 Electoral College certification because it was influenced by foreign forces, based on erroneous facts and law, based on a breach of fiduciary duty and contract, and based on a fiduciary duty owed to God and the petitioner's "beneficiaries." (Pet. at 193). Petitioner also requests that this court begin a nationwide inquiry into the November 3, 2020 election, particularly in the states of Georgia, Michigan, Pennsylvania, Wisconsin, and any other state which was denied re-certification due to "irregularities." (*Id.*)  There are no "respondents" or "defendants" listed in the caption, the civil cover sheet, or anywhere in the petition, although petitioner requests that the court enjoin President Biden and Vice President Harris from taking office.

As part of the petition, petitioner also asks this court to accept the papers filed by

---

[3] Because the petition is so long and confusing, this court is only summarizing what it believes to be the petitioner's objective in bringing this action.  For a more complete statement of the facts, reference is made to the petition and exhibits herein.

[4] It is clearly too late for such relief.

4

the State of Texas and Amici Curiae in *Texas v. Pennsylvania*, No. 155 Orig., 2020 WL 7296814 (U.S. Dec. 11, 2020).  (Pet. at 185).  Petitioner has attached copies of the papers as Exhibits 6-9 to his petition.[5]  He has also attached a multitude of other documents, including copies of excerpts from the Federalist Papers. (Pet.'s Ex. *generally*).  Petitioner states that he is bringing this action "on behalf of" a number of "beneficiaries" who he lists at the beginning of the petition.[6]  These "beneficiaries" include "All Sovereign America People;" [Former] President Donald J. Trump; all national, state, and local Justices and Judges; all national, state, and local law enforcement; and twenty-two other individuals who appear to be the Attorney General and Solicitor General of Texas, together with the Attorneys General of the seventeen states that joined in submitting an Amicus Brief before the Supreme Court in *Texas v. Pennsylvania*. (Pet. at 1)[7] (Pet.'s Exs. 9, 10 & pp. 2-45, 47-75, 76).

---

[5] Petitioner did not cite the ultimate decision by the Supreme Court.  I have included the Westlaw citation for the court's reference.

[6] The petitioner may have listed these individuals as "beneficiaries" because he also claims breach of contract in his pleadings, and his "civil cover sheet" indicates that he is bringing this action under diversity jurisdiction, although the only diversity appears to be on the petitioners' side because there are no respondents or defendants listed. (Dkt. No. 1-3).  Even though there are no "defendants" listed on the civil cover sheet, petitioner has checked the box indicating that plaintiff is a "foreign nation" and "defendant" is a "citizen or subject of a foreign country." (*Id.*)

[7] The first page of the petition merely lists names.  The individuals' titles have been determined by looking through the petitioner's exhibits.

## III.  **Representation**

### A.  **Legal Standards**

It is well-settled that an individual who is not a licensed attorney may proceed

pro se, but may not represent others in a law suit.[8] *Whitfield v. Johnson*, 763 F. App'x

106, 107 (2d Cir. 2019).  In *Guest v. Hansen*, 603 F.3d at 20, the Second Circuit stated

that the court has a responsibility to ensure appropriate representation for the parties

appearing before it, even if those parties do not raise the issue.

### B.  **Analysis**

In this case, although the petitioner purports to act "on behalf of" a myriad of

people, including "all sovereign America people," he may not do so.  He is a pro se

party, who has not even identified himself.  He has not indicated that he is admitted to

the practice of law in any state or federal jurisdiction.  Thus, he may only proceed on

his own behalf, and he may not represent any of his listed co-petitioners.  The court will

proceed to consider the petition to the extent that the petitioner may bring it on his own

behalf.

## IV.  **Standing**

### A.  **Legal Standards**

Article III of the United States Constitution limits the federal courts' authority to

---

[8] A limited exception exists if an individual appears for an estate in which there are no other beneficiaries or creditors. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010).  The exception is clearly not applicable to this case.

hear only disputes involving "Cases" and "Controversies." *Common Cause/New York v. Brehm*, 344 F. Supp. 3d 542, 547 (S.D.N.Y. 2018) (citing U.S. Const. art. III, § 2).  A party invoking the court's jurisdiction must have standing to sue. *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs*. *(TOC)*, *Inc*., 528 U.S. 167, 188 (2000)). "Standing "'is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  If a plaintiff lacks Article III standing, the court has no subject matter jurisdiction to hear the claim, and the court may raise the absence of subject matter jurisdiction sua sponte. *Id.* (citing inter alia *United States v. Quinones*, 313 F.3d 49, 57-58 (2d Cir. 2002); *United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997)).

The elements of standing are "(1) a concrete and particularized injury, that (2) is fairly traceable to the challenged conduct, and (3) is likely to be redressed by a favorable decision." *Dominguez v. Taco Bell Corp*., No. 19 CIV. 10172, 2020 WL 3263258, at *2 (S.D.N.Y. June 17, 2020) (quoting *Va. House of Delegates v. Bethune-Hill*, __U.S. __, 139 S. Ct. 1945, 1950 (2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Standing to seek injunctive relief requires "'a real or immediate threat' of injury.'" *Id*. (quoting *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 111-12, 103 S.

Ct. 1660 (1983)).  The actual controversy must exist throughout the litigation. *Id.*

(citing *Bethune-Hill*, 139 S. Ct. at 1951 (quoting *Hollingsworth v. Perry*, 570 U.S. 693,

705 (2013)).

>    **B.    Analysis**

In a relevant section of the petition, petitioner states as follows:

> Father, We humbly thank you for accepting the
> enclosed applications from A.G. Paxton's MOTION FOR
> LEAVE TO FILE BILL OF COMPLAINT, dated December
> 7, 2020, and supporting papers (**Exhibits 6 thru 9**); and also
> the enclosed A.G. Schmitt and sixteen (16) other states
> AMICI CURIAE IN SUPPORT OF PLAINTIFF'S MOTION
> TO FILE BILL OF COMPLAINT, dated December 9ᵗʰ 2020.
> (**Exhibit 10**). And both are in support of our petition.
> Father, Attorney Generals Paxton, Schmitt and others
> above mentioned applications, were moot, on or about
> December 11ᵗʰ 2020, by Our beloved Supreme Court for Our
> united states of America, since they lacked legal standings to
> sue another states for how they handled their election; but We
> humbly thank You on behalf of Our beloved Seventy Five
> Million Voter throughout Our beloved united states of
> America, in all fifty (50) states, whose voices were silence
> and denied and deprived their inherent rights . . . ; And We
> humbly thank You through Our beloved King, Christ Jesus,
> for You abundant Love, Grace, and Mercy, and blessed Us as
> faithful Priest, Your Ambassador, Trustee and Defender, with
> legal standings to file this petition and assign our beloved
> Attorney Generals as managers to pray for appropriate relief
> on behalf of Our beloved Beneficiaries, including but not
> limited to, Emergency Temporary Restraining Orders and
> Preliminary Injunctions.

(Pet. at 185) (errors in original).  It appears from the above quote that petitioner realizes

that the United States Supreme Court denied standing to the plaintiffs in *Texas v.*

*Pennsylvania*.  However, he believes that somehow, because petitioner is suing on behalf of all "sovereign America people," essentially everyone in the country, that standing should now be conferred upon him by this court.  Petitioner is incorrect.

Petitioner does not assert a particularized injury.  Petitioner does not allege that he voted, or if so, that his vote, somehow was not properly counted.  He does not even allege that he is from one of the states where the vote was challenged, in court, or otherwise.[9]  Any attempt to obtain "standing" by alleging that he now represents ***everyone*** cannot succeed.[10]  Even if he had voted in the election, he merely asserts a "'generalized grievance' stemming from an attempt to have the Government act in accordance with [his] view of the law," whatever that might be.[11] *See Wisconsin Voter Alliance v. Pence*, No. 20-3791 (JEB), __ F. Supp. 3d __, 2021 WL  23298, at *2 (D.D.C. Jan. 4, 2021).  Such "generalized" grievances are insufficient to confer standing. *Id.* (citations omitted).

---

[9] Actually, this court has no idea where the petitioner is from.  His address is listed as a church in New York City, and it appears only to be a place where he picks up his mail, not his residence. Thus, although the court could assume that petitioner is a citizen of New York State, there is no such evidence in his papers.

[10] As stated above, legally, petitioner may only represent himself.

[11] Petitioner alleges that "Our states and local public officials" breached their fiduciary obligations of good faith, fairness, honesty, loyalty, and obedience" to "King Christ Jesus" and "Our beneficiaries" when they "unlawfully changed election laws without legislatures," in violation of the Constitution. (Pet. at 186).  Petitioner states that there were erroneous votes counted in Georgia, Michigan, Pennsylvania, and Wisconsin without any explanation, making the Electoral College Certifications "erroneous in facts and law." (*Id.*)  Petitioner then states that "We thank You for repealing or void [sic] the states [sic] certifications; and in turn repeal or void the Federal Electoral College Certification." (*Id.*)  Petitioner never specifies who or what caused the injury that he is unsuccessfully attempting to assert.

In *Liu v. United States Congress*, __ F. App'x __, 2020 WL 6306971, at *3 (2d Cir. Oct. 28, 2020) the court distinguished between an injury that was "concrete," but widely shared, with one that was widely shared, but abstract and indefinite in nature. The first, would constitute an injury in fact, while the second, does not have the concrete specificity required by the Constitution. *Id.* (citing *FEC v. Akins*, 524 U.S. 11, 24 (1998)).   As an example for the second, the court suggested "'a common concern for obedience to law.'" *Id.* (quoting *FEC v. Akins*, 524 U.S. at 23).  At best, the petitioner in this case, if he is a voter, is alleging an abstract and indefinite harm, which might include the concern for "obedience to the law" as he sees it.  As such, petitioner does not allege sufficient injury in fact to confer standing to assert his claims.[12]

In *Wisconsin Voter Alliance v. Pence*, the Federal District Court in the District of Columbia recently dismissed an action, brought by voter groups and individual voters from Wisconsin, Pennsylvania, Georgia, Michigan, and Arizona against former Vice President Michael Pence and a host of other defendants, including both houses of Congress, the Electoral College itself, and various public officials in the aforementioned states. 2021 WL 23298, at *1-3.  In addition to finding that the plaintiffs did not have standing to bring the action, and thus, the court had no subject matter jurisdiction, the court raised the issue of personal jurisdiction, stating that

---

[12] In *Liu*, plaintiff "claimed that the current congressional apportionment scheme results in underrepresentation." 2020 WL 6306971, at *1.  Although the Second Circuit found that plaintiff had alleged sufficient injury in fact, the court found that plaintiff failed to properly allege other elements of standing. *Id.* at *3-5.

> Plaintiffs cannot simply sue anyone they wish here in the District of Columbia. On the contrary, they must find a court or courts that have personal jurisdiction over each Defendant, and they never explain how a court in this city can subject to its jurisdiction, say, the Majority Leader of the Wisconsin State Senate. Absent personal jurisdiction over a particular Defendant, of course, this Court lacks authority to compel him to do anything.

*Id.* at *2. In this case, the petitioner has not listed any respondents or defendants. He mentions President Biden and Vice President Harris at the end of the petition, but there are no individuals or entities against whom an injunction (temporary, preliminary, or otherwise) could be issued in this district.[13] Essentially, there is no opposing party or parties to this law suit over whom this court could exercise personal jurisdiction. The court does not have the authority to invalidate elections on its own, nor does it have authority to repeal Constitutional amendments upon request.[14]

## V.   Venue

### A.   Legal Standards

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in

---

[13] Because this court has no subject matter or personal jurisdiction to decide this action, I have not discussed the elements of injunctive relief or whether the action is moot because the inauguration has already taken place.

[14] Plaintiff apparently wishes the court to repeal the 20th Amendment which changed the presidential inauguration date from March 4th to January 20th. U.S. Const. amend. 20. The purpose of this amendment was to remove the excessively long period of time that a defeated president or member of congress would have to serve after losing the election. https://definitions.uslegal.com/l/lame-duck -amendment/. The amendment was ratified in 1933. *Id.* Petitioner believes that by changing the inauguration date back to March, it would provide more time for a proper investigation into the alleged irregularities in the 2020 election and would delay President Biden's inauguration.

which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is improper, the court shall dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

### B.    Analysis

As stated above, petitioner has failed to name any opposing parties to this law suit.  It is unlikely that any respondent or defendant that petitioner named would be subject to venue in this district or in any federal court in the State of New York.  None of the officials mentioned by petitioner are citizens of New York, nor did any of the alleged actions or omissions occur in this district.  Petitioner does not claim otherwise. He simply asserts that this court should issue what he believes to be the appropriate injunctions in general.  Thus, venue is not proper in this district, and there is no district in which the case could have been brought for this court to transfer this action.  Thus, this court must recommend dismissal.

## VI.   **Fed. R. Civ. P. 8**

### A.    Legal Standard

Fed. R. Civ. P. 8 requires a "'short and plain statement'" of a claim, showing that 'the pleader is entitled to relief.'" *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir.

2019) (quoting Fed. R. Civ. P. 8(a)).  Each statement must be "'simple, concise, and direct,' and must give 'fair notice of the claims asserted.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).  "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.*

### B.    Analysis

As stated above, the petitioner's papers are extremely difficult to decipher, and the claims are not "short and plain," and each statement is not "simple, concise, or direct."  In fact, it is unclear from the pleadings whether petitioner is asking for relief from the court or from Jesus.  Petitioner has attached briefs from a case in which standing was rejected by the Supreme Court, and does not specifically indicate how or why this court would be able to change that finding. Thus, even though the court is recommending dismissal for want of standing/subject matter jurisdiction, the court also finds that the petition violates the requirements of Rule 8.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that petitioner's motion for IFP (Dkt. No. 2) be **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this case be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE**[15] **AS WITHOUT SUBJECT MATTER JURISDICTION**

---

[15] Because this court is recommending dismissal for lack of subject matter jurisdiction, the court is constrained to recommend dismissal "without prejudice," although it is unlikely that this petitioner will be able to bring such an action in any court in the country, state or federal. *See Liu*, 2020 WL 6306971, at *5 (discussing requirement that court dismiss without prejudice if the dismissal is based on lack of subject matter jurisdiction).  However, the court is recommending that petitioner be denied the opportunity to amend because it is clear that any amendment would be futile. *See Logan v. Town of*

13

**AND AS FRIVOLOUS**, but **WITHOUT THE OPPORTUNITY TO AMEND**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: January 26, 2021

Andrew T. Baxter
U.S. Magistrate Judge

---

*Winsor*, No. 20-2518, slip op. at 4 (2d Cir. Jan. 25, 2021) (citing *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (substantive deficiency could not be cured, and thus, amendment would be futile); *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011) (opportunity to amend may be denied when amendment would be futile); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).